UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------x
INGRID COTTERELL-INGRAM,

                        Plaintiff,

      -against-

REBECCA MACDONALD, *et al.*,

                        Defendants.
-------------------------------------------------------x

## MEMORANDUM AND ORDER

10-CV-3859 (SLT) (LB)

**TOWNES, United States District Judge:**

      By order dated November 29, 2011, this Court granted defendant Just Energy's request for permission to move for summary judgment in this action. That same order set a briefing schedule which provided, in pertinent part, that defendant would serve its motion papers on plaintiff by January 3, 2012; that plaintiff would serve her response by February 6, 2012; and that defendant would reply by February 21, 2012.

      Neither party sought any modifications of the order, and both parties adhered to this schedule. Defendant served its motion papers on plaintiff on January 3, 2012. On February 6, 2012, plaintiff filed her response, which consisted of a document entitled "Plaintiff's Cross Motion in Opposition to Defendant[']s Motion for Summary Judgment," an "Affirmation" signed by plaintiff, various exhibits, and plaintiff's "counter statement in opposition of defendants' statement of undisputed facts." Defendant filed its reply papers on February 21, 2012.

      In late March 2012, however, plaintiff submitted two affidavits (Docket Entries 101-02), one of which stated that it was submitted "in support of plaintiff[']s cross motion in opposition of defendant[']s motion for summary judgment." Affidavit of Shanda Walker, dated Mar. 23, 2012, at 1. In a letter dated April 5, 2012, defendant characterized these submissions as "improper surreply affidavits" and requested that this Court strike them *sua sponte*. In the alternative, defendant requested permission to move to strike or the opportunity to respond to the papers.

On April 9, 2012, plaintiff responded to defendant's letter motion, detailing her efforts to contact the affiants prior to the February 6, 2012, deadline and noting that she was unable to obtain the affidavits before mid-March. Plaintiff also submitted two more documents: a "supplemental counter statement" to defendant's statement of undisputed facts pursuant to Local Civil Rule 56.1 (Docket Entry 105), and a document entitled "Plaintiff's supplemental motion to cross motion in opposition of defendant's motion for summary judgment" (Docket Entry 104).

With the exception of the April 9, 2012, letter responding to defendant's letter motion, all of plaintiff's post-February submissions constitute unauthorized supplemental submissions. However, in light of plaintiff's *pro se* status, this Court will consider the two affidavits. The Court will also consider the "supplemental counter statement," since this more nearly satisfies the requirements of Local Civil Rule 56.1 than did the original counter statement. This Court will not consider "Plaintiff's supplemental motion to cross motion in opposition of defendant's motion for summary judgment," which makes no explicit reference to the two affidavits and largely responds to arguments set forth in defendant's reply papers.

If defendant perceives a need to submit proof in response to anything contained in the affidavits or to respond to the "supplemental counter statement," defendant shall file those submissions on or before April 23, 2012. Plaintiff shall not file any documents in response to defendant's submissions, if any, or any further submissions relating to defendant's motion for summary judgment without permission of the Court.

**SO ORDERED.**

/ SANDRA L. TOWNES
/ United States District Judge

Dated: April /0 , 2012
Brooklyn, New York